## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Wesley B. ROBINSON | ) | 3:21-CV-01279 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYNCHRONY BANK | ) | |
| *Defendant.* | ) | JANUARY 27, 2022 |

### ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION, ECF NO. 20

Kari A. Dooley, United States District Judge:

Wesley B. Robinson ("Plaintiff") brings this action against Synchrony Bank ("Defendant") alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Telephone Consumer Protection Act ("TCPA"). Pending before the Court is Plaintiff's motion for reconsideration of the Court's order granting Defendant's motion to set aside the entry of a default against it. The motion is denied.

**Procedural History & Background**

Plaintiff filed his Complaint on September 23, 2021. (ECF No. 1.) Defendant was served on October 12, 2021 and its answer to the Complaint was due to by November 2, 2021. (ECF No. 10.) The Defendant did not answer the Complaint, and on November 8, 2021, Plaintiff moved for entry of a default. (ECF No. 11.) The Court granted that motion on November 12, 2021. (ECF No. 12.) Plaintiff filed a motion for default judgment on November 24, 2021. (ECF No. 13.) While that motion remained pending, the Defendant appeared and moved to set aside the Court's default entry on December 14, 2021. (ECF Nos. 16–17.) The Defendant's motion indicated that its failure to answer the Complaint was the result of an inexplicably lost email between the Defendant and its law firm and that it intended to advance meritorious defenses to the Complaint.[1] (ECF No. 16.)

---

[1] Plaintiff included a proposed an answer in its motion, an answer it later filed on January 26, 2022. (ECF No. 21.)

Plaintiff did not oppose the motion. *See* D. Conn. L. Civ. R. 7(a)(2) (opposition to motions involving disputed issues of law must be filed within 21 days of the motion). On January 7, 2022, the Court granted the Defendant's motion to set aside the default. (ECF No. 19.) On January 11, 2022, Plaintiff filed the instant motion asking the Court to reconsider its order granting the Defendant's motion to set aside the default entry.

**Discussion**

"The standard for granting a motion for reconsideration is strict." *Roman v. Leibert*, No. 3:16-cv-1988 (JCH), 2017 WL 4286302, at *1 (D. Conn. Sept. 27, 2017) (quoting *Ricciuti v. Gyzenis*, 832 F. Supp. 2d 147, 165 (D. Conn. 2011)); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. R. Civ. P. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The primary function of a motion for reconsideration 'is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.'" *Alexander v. Gen. Ins. Co. of Am.*, No. 3:16-cv-00059 (SRU), 2017 WL 188134, at *2 (D. Conn. Jan. 17, 2017) (quoting *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994)).

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). Thus, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

First, having decided not to oppose the motion, Plaintiff cannot now advance arguments he could have, but did not, advance. However, allowing for the fact that the Plaintiff appears *pro se*, the Court further observes that the Plaintiff does not identify any controlling law which the Court overlooked, any new evidence, or the need to correct clear error or prevent "manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104. He merely takes issue with the representations of Defendant's counsel and seeks a different outcome.

Further, for the reasons articulated in the Court's decision at ECF No. 19, the Plaintiff's arguments fail on the merits. A "defendant may move to set aside [a] default entry pursuant to Fed. R. Civ. P. 55(c) for 'good cause shown.'" *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 76 (S.D.N.Y. 2010). Upon receiving such a motion, a court considers the willfulness of the defendant's default, the existence of a meritorious defense, and the level of prejudice to the non-defaulting party should relief be granted. *Id.* at 77 (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001)). It was these factors upon which the Court granted the motion to set aside the default. Plaintiff's arguments do not persuade the Court that this decision was incorrect or should be revisited at this nascent stage of the litigation.

**Conclusion**

For all of these reasons, Plaintiff's motions for reconsideration, ECF No. 20, is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of January 2022.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE